**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CALENTURE, LLC,

Plaintiff,

v.

NEONC TECHNOLOGIES HOLDINGS, INC.,

Defendant.

Case No. 26-cv-5248

**COMPLAINT**

**For Attorneys' Fees Owed Under §16(b) of the Securities Exchange Act, 15 U.S.C. §78p(b).**

Plaintiff Calenture, LLC ("Plaintiff"), represented by undersigned counsel, respectfully alleges as follows, with knowledge as to information about the Plaintiff and on information and belief as to all other matters:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to the provisions of Section 16(b) of the Securities Exchange Act of 1934 (the "Act"), 15 U.S.C. §78p(b), *et. seq.*, and other relevant Sections.

2. Venue is proper in this Court pursuant to §27 of the Act, 15 U.S.C. §78aa. The common stock of Defendant Neonc Technologies Holdings, Inc. ("Neonc") is traded on the NASDAQ under symbol: "NTHI," and through market makers located within this District. Services giving rise to the recovery recited herein at the Claim for Relief were rendered in whole or in part within this District.

**THE PARTIES**

3. At all relevant times, Neonc was and is a pharmaceutical company and Delaware corporation, with corporate headquarters at: 23975 Park Sorrento, Suite 205, Calabasas, California, 91302.

4. At all relevant times, the issued and outstanding shares of common stock of Neonc were registered pursuant to §12(b) of the Act, 15 U.S.C. §78*l*; and directors, officers and 10% shareholders of Neonc were subject to reporting and compliance under §16(a) of the Act, 15 U.S.C. §78p.

5. At all relevant times, each of Amir F. Heshmatpour, Thomas C. Chen, and Keithly Garnett (the "Insiders") were directors and statutory insiders of Neonc subject to §16(a) reporting requirements and §16(b) short swing trading restrictions.

6. Plaintiff Calenture, LLC is a New York limited liability company and a shareholder of Neonc.

**CLAIM FOR RELIEF**

7. On May 19, 2025, each of the Insiders filed Statement of Beneficial Ownership reports on Form 4 with the SEC, which reported purchases of NTHI stock by each of them at higher prices and within a period of less than six months following sales of NTHI stock by each Insider on March 26, 2025. On May 23, 2025, each of the Insiders filed additional Form 4 reports reflecting their additional purchases of NTHI stock, also at higher prices and within less than six months following their prior sales.

8. On May 19, 2025, Plaintiff's counsel James Hunter sent a letter to Neonc on behalf of shareholder Calenture, LLC, demanding that Neonc recover short swing profits realized by each of the Insiders from their respective reported short swing transactions as strictly required by §16(b).

9. By letter dated June 9, 2025, counsel for Neonc informed Plaintiff's counsel that Neonc was "first made aware" of the Insiders' short swing trading liability by the demand letter received from James Hunter; and further stated that "Heshmatpour, Chen and Garnett realized

short-swing profits in the amounts of $11,811.76, $11,801.77, and $1,983.08, respectively," and that each had disgorged the amount owed to Neonc in compliance with §16(b).

10. As Neonc's counsel confirmed, the efforts of the Plaintiff's counsel on behalf of the Plaintiff as a shareholder of Neonc motivated or expedited Neonc's recovery short swing profits owed by the Insiders from the trading identified in the Plaintiff's demand.

11. Plaintiff brings this action to compel payment of their attorney's fees as required under §16(b) for work that Plaintiff's counsel performed, on a contingency basis for the benefit of Neonc and all Neonc shareholders (including the Plaintiff), in: (i) investigating the transactions effected in Neonc securities by statutory insiders to determine whether any such transactions came within the purview of §16(b); (ii) determining the profits, if any, realized by such insiders, and the nature and extent of their statutory liability; (iii) making a proper statutory demand on Neonc requesting the recovery of such statutory profits, including by initiating a lawsuit to compel the recovery, if necessary; (iv) furnishing Neonc with information as might be necessary or proper for the commencement and prosecution of such action; and (v) preparing all necessary pleadings, proofs, and papers necessary or proper for the commencement of such suit in the event that Neonc failed or refused to institute such action or failed diligently to prosecute the same.

12. Plaintiff agreed to pay a fair and reasonable attorneys' fee to the Plaintiff's Counsel for legal services rendered for the benefit of Neonc and Neonc shareholders (including the Plaintiff), contingent upon the Neonc's reimbursing Plaintiff in the amount of such legal fees incurred.

13. Plaintiff's counsel investigated the applicable law, ascertained that insider transactions in Neonc securities were in violation of §16(b); determined that proceeds received by the Insiders constituted short swing profits recoverable by Neonc under §16(b); computed the total

amount the Insiders' §16(b) liability to Neonc; and sent demand letters to Neonc demanding that Neonc act to recover the additional short swing trading profits realized by the Insiders as directors of Neonc, as required by §16(b).

14. As a result of the demand letters sent by the Plaintiff's counsel, Neonc recovered a total of $25,596.61 in short swing profits realized by the Insiders from short swing trading proscribed by §16(b).

15. Plaintiff's counsel, without prejudice to further fees to be earned hereby, has requested from Neonc an attorneys' fee payment of $6,400, or approximately 25% of the amount disgorged by the Insiders and paid to Neonc as a result of Plaintiff's counsel's efforts on Neonc's behalf.

16. Upon information and belief, by reason of its receipt and acceptance of the legal services rendered and communicated to Neonc by the Plaintiff's counsel and Neonc's subsequent actions in collecting the disgorgement owed by the Insiders as demanded by the Plaintiff's counsel, Neonc ratified and confirmed the right and authority granted by §16(b) to the Plaintiff's counsel to render the legal services they provided for and on behalf of Neonc.

17. Upon information and belief, Neonc knowingly received, accepted and retained the benefits of the services rendered by the Plaintiff's counsel, and has recovered the aggregate amount of $25,596.61 from the Insiders, because of the services of the Plaintiff's counsel.

18. Plaintiff is entitled to recover from Neonc a fair and reasonable fee for services contingently undertaken and incurred by the Plaintiff's counsel in performing those services and in taking the steps which resulted in Neonc's recovery of short swing profits from the Insiders in the amount of $25,596.61.

19. Plaintiff seeks no personal benefit but brings this action to recover the expenses contingently incurred in an amount of the reasonable value of the legal services rendered by the Plaintiff's counsel and solely for the purpose of paying for those services.

20. Upon information and belief, and in view of the amount of benefit conferred upon Neonc, the total fair and reasonable value of the legal services rendered to date, and not in prejudice of further fees to be earned hereby, by the Plaintiff's counsel in this matter is $6,400, or a total of approximately 25% of the total cash disgorgement of $25,56.61, which Neonc procured as a result of the efforts of the Plaintiff's counsel.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment:

(a) Against Neonc, to the benefit of the Plaintiff's Counsel, for past services and benefits rendered to the Plaintiff and to Neonc as described in the Claim for Relief, in the amount of $6,400, inclusive of out of pocket costs and disbursements, together with the costs of this action.

(b) For such other, further, or different relief as the Court may deem just and proper.

Dated: New York, New York
June 22, 2026

*/s/ Miriam Tauber*
Miriam Tauber (MT-1979)
MIRIAM TAUBER LAW PLLC
885 Park Ave. #2A
New York, NY 10075
(323) 790-4881 | Miriam Tauber Law@gmail.com

*/s/ James A. Hunter*
James A. Hunter
LAW OFFICE OF JAMES A. HUNTER
201 King of Prussia Rd. Suite #650
Radnor, PA 19087
(484) 275-2162 | Hunter@HunterKmiec.com

*Attorneys for Plaintiff Calenture, LLC*